IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30121-SMY |
| | ) |
| CHARLES D. GILMORE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Charles D. Gilmore pleaded guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). Now pending before the Court is Gilmore's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 51). The Government does not oppose the motion (Doc. 52).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Here, the parties agree that Gilmore is eligible for a reduction under Part A of Amendment 821.

Gilmore's total offense level at sentencing was 23 and his criminal history category was IV, which yielded a Guidelines sentencing range of 70-87 months imprisonment. He was sentenced to 70 months. Under Amendment 821, Gilmore's criminal history category is lowered to III, resulting in a lowered Guidelines range of 57-70 months.

The Court agrees that Gilmore is eligible for a reduction. Having also considered the applicable factors under 18 U.S.C. § 3553(a), the Court **GRANTS** the motion (Doc. 51) and reduces Gilmore's sentence from 70 to 57 months' imprisonment. The Court attaches its standard order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

**DATED: May 2, 2024**

                                                  **STACI M. YANDLE**
                                                  **United States District Judge**